# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Michael Brown, | Civil Action No. 2:19-3180-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| City of North Charleston Police Department | |
| Defendant. | |

Before the Court is the Magistrate Judge's Report and Recommendation ("R & R") that the complaint be dismissed without prejudice as frivolous. (Dkt. No. 24.) For the reasons set forth below, the Court adopts in part the R & R as the order of the Court. The complaint is dismissed with prejudice and without issuance and service of process.

## I. Background

Robert Mitchell proceeds *pro se* and *in forma pauperis* to bring this action pursuant to 42 U.S.C. § 1983. He alleges that his federal "right to liberty" was violated when he was falsely arrested and subjected to physical and emotional distress. (Dkt. No. 1 at 1.) Mitchell alleges that he was arrested for trespassing on September 23, 2018 and the charges were dismissed when he pled not guilty. (*Id.* at 2.) He seeks $12,600, representing $200 per day of loss of liberty, plus pain and suffering and punitive damages, because he alleges that a Police Department staff member told the judge that the staff member lied about the charges. (*Id.* at 5.) Appended to the complaint is a "Magistrate/Municipal Court Order for Destruction of Arrest Records" noting that Brown was arrested on October 23, 2018 and the charges ended by dismissal, *nolle prossed*, or Brown was found not guilty on August 6, 2019 and, therefore, he is entitled to have all records and outstanding associated bench warrants destroyed and/or sealed. (Dkt. No. 1-1.)

-1-

## II. Legal Standard

The Magistrate Judge makes a recommendation to the Court that has no presumptive weight and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are no objections to the R & R, the Court reviews it to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation.").

## III. Discussion

Brown filed the complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence a federal action without prepaying the administrative costs with proceeding with the lawsuit. The district court may dismiss such a complaint if it "fails to state a claim on which relief can be granted," is "frivolous or malicious," or "seeks monitory relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous where it "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Dismissal may be *sua sponte* if the claim is based on a meritless legal theory. 28 U.S.C. § 1915(e)(2)(B).

The Court finds that the Magistrate Judge correctly concluded that Brown's claims are subject to dismissal as frivolous. In order to state a cause of action under § 1983, a plaintiff must allege that a person acting under color of state or federal law deprived him of a federal right. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). But the City of North Charleston Police Department is not a "person" subject to suit under § 1983. *See, e.g., Harden v. Green*, 27 Fed. Appx. 173, 178 (4th Cir. 2001) (dismissing prison medical department from § 1983 suit); *Terrell*

*v. City of Harrisburg Police Dep't*, 549 F. Supp. 2d 671, 686 (M.D. Pa. 2008) ("It is well-settled that police departments operated by municipalities are not 'persons' amenable to suit under § 1982."); *Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (dismissing police department from § 1983 suit).

The Magistrate Judge recommends dismissing the complaint without prejudice. Because Brown failed to amend the pleading after a deficiency notice from the Magistrate Judge (Dkt. No. 10), the complaint is subject to dismissal with prejudice. *See Workman v. Morrison Healthcare*, 724 Fed. Appx. 280 (4th Cir. June 4, 2018) (Table); *Mitchell v. Unknown*, 2018 WL 3387457 (4th Cir. July 11, 2018) (unpublished).

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS IN PART** the R & R (Dkt. No. 24) as the order of the Court. The complaint (Dkt. No. 1) is **DISMISSED WITH PREJUDICE** and without issuance and service of process. This action counts as a strike pursuant to 28 U.S.C. § 1915(g).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

March 11, 2020
Charleston, South Carolina